UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TONYA AHMED and
BRAD LEE JOHNSON,

          Petitioners,

v.

STATE OF MICHIGAN, CITY OF
CENTREVILLE, UNKNOWN PARTIES,
and MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY,

          Respondents.
_____/

Case No. 1:23-cv-995

Honorable Robert J. Jonker

## **OPINION**

The pleading filed to commence this action does not clearly delineate the claims raised; however, Petitioners ask the Court to "order [Brad Lee Johnson's] immediate release and/or [order his] trial . . . ." (Pet., ECF No. 1, PageID.2.) Brad Lee Johnson is presently detained in the St. Joseph County Jail pending trial on charges of second-degree criminal sexual conduct and assault with the intent to commit sexual penetration. (*See* Johnson Appl. to Proceed Without Prepayment of Fees, ECF No. 3); https://courts.stjosephcountymi.org/c45Cases/ (input "LAST NAME" "Johnson," "FIRST NAME" "Brad," select "CASE #" "2224584FH1") (last visited Sept. 27, 2023). The relief that Petitioners' request is not available except by habeas corpus petition. For that reason, the Court has characterized Petitioners' pleading as a habeas corpus petition.

Even though Petitioners' request for relief is properly raised only in a habeas corpus proceeding, they do not reference the habeas corpus statute as the ground for proceeding in this Court. Instead, they claim to rely on the Barkley-Cole Trust Indenture Act of 1939, a federal statute

regarding federal jurisdiction over civil suits involving foreign banks and the Uniform Commercial Code. None of those statutes permit the Court to exercise jurisdiction over Petitioner's request for relief.

The Court construes Petitioners' submission as, primarily, a claim that Petitioner Brad Lee Johnson is unconstitutionally detained and should be released. Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face).

As part of the preliminary review, the Court will first address Petitioners' requests to proceed *in forma pauperis* (ECF Nos. 2, 3). The Court will next address whether Petitioner Tonya Ahmed may proceed with this petition on behalf of Petitioner Brad Lee Johnson. And finally, the Court will address the merits of the habeas petition. After undertaking the review required by Rule 4, the Court will grant Petitioners' requests to proceed *in forma pauperis*, the Court will deny Petitioner Tonya Ahmed leave to proceed as "next friend" for Petitioner Brad Lee Johnson, and the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

**Discussion**

**I.      Leave to Proceed *In Forma Pauperis***

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioners have requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee (ECF Nos. 2 and 3) under 28 U.S.C. § 1915(a)(1) and have filed affidavits of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore the Court will grant Petitioners leave to proceed *in forma pauperis*.

**II.     Petitioner Tonya Ahmed**

Petitioner Tonya Ahmed claims an interest in this proceeding as a "Real party in interest," and as an "Authorized Representative." (Pet., ECF No. 1, PageID.1.) Petitioner Ahmed claims she is a real party in interest on the ground that Petitioner Johnson is her "private property." (*Id.*, PageID.2) ("The County of St Joseph Michigan has and holds my private property, to wit: BRAD LEE JOHNSON/Brad Lee Johnson.") Thus, Petitioner Ahmed's request for Johnson's release "is a claim and demand for release of [her] personal property . . . ." (*Id.*)

The habeas statutes authorize granting relief to a person in custody, not a person who claims to own a person in custody. *See* 28 U.S.C. § 2241 (authorizing extension of the writ to prisoners "in custody"), 28 U.S.C. § 2254 (authorizing consideration of an application for a writ "in behalf of a person in custody"); *United States v. Chambers*, No. 4:13-CR-20254-TGB, 2020 WL 2526116, at *3 (E.D. Mich. May 18, 2020) (stating, with regard to parallel language in 28 U.S.C. § 2255, "standing is specifically limited to those 'in custody'"). Therefore, the Court concludes that Petitioner Ahmed does not have standing to bring a habeas claim on her own behalf—as a "Real party in interest."

That leaves Petitioner Ahmed's claim that she is an "Authorized Representative." Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not herself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). Next friend status, therefore, is an exception to section 1654 of Title 28 which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1964.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64; *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend must clearly

4

and specifically set forth facts sufficient to satisfy the Article III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

The Court concludes that the petition, at least to the extent that Petitioner Ahmed purports to raise claims on Petitioner Johnson's behalf, does not satisfy these requirements in any respect. Accordingly, Petitioner Ahmed is properly dismissed from these proceedings.

### III. Exhaustion of State Court Remedies

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures

available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner Johnson's claims regarding his detention suggest that he is being denied the right to a speedy trial.

Even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner Johnson bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner Johnson does not indicate that he has sought relief in the state courts for the violation of his speedy trial rights. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner Johnson. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner Johnson must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute. If his motion is denied initially, Petitioner Johnson must pursue available appeals of that decision. Relief under § 2241 is not available until after Petitioner Johnson has pursued his state court remedies.

## IV. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner Johnson has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner Johnson's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

7

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner Johnson's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner Johnson has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner Johnson might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order granting Petitioners' requests for leave to proceed *in forma pauperis*. The Court will dismiss Petitioner Ahmed's claims for lack of standing either as a "real party in interest" or as an "authorized representative" of Petitioner Johnson. Finally, the Court will enter a judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.

Dated:     October 10, 2023                    /s/ Robert J. Jonker
                                                                                                              Robert J. Jonker
                                                                                                              United States District Judge